UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALLEN BOWMAN and TATYANA HAMILTON, individually and on behalf of all other similarly situated individuals,<br><br>     Plaintiffs,<br><br>vs.<br><br>CJ & J DAVIS, INC.<br>4032 N. Holland Sylvania Rd.<br>Toledo, Ohio 43623<br><br>     Defendant. | CASE NO.:<br><br>Judge<br>Magistrate Judge<br><br>**COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND**<br><br>**Widman & Franklin, LLC**<br>**John D. Franklin (0055359)**<br>**Kera L. Paoff (0082674)**<br>**405 Madison Ave., Suite 1550**<br>**Toledo, Ohio 43604**<br>**Ph.: (419) 243-9005**<br>**Fax: (419) 243-9404**<br>John@wflawfirm.com<br>Kera@wflawfirm.com<br>**Attorneys for Plaintiffs** |

## INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendant's failure to pay wages and overtime compensation due to Plaintiff and other similarly situated individuals in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* as well and the applicable wage and hour laws and regulations set forth in Ohio Revised Code §§ 4111.01, 4111.03, 4111.10, and 4113.15 (collectively referred to as "Ohio law claims" or "state law claims").

2. With respect to Plaintiffs' Ohio law claims, Plaintiffs bring this action as a class action,

individually, and on behalf of similarly situated individuals pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b).

3. With regard to the claims brought under the FLSA, this action is brought pursuant to the opt-in collective action provisions of the Fair Labor Standards Act.  This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in" class action.

## JURISDICTION AND VENUE

4. This Court has federal subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331 because it asserts claims arising under federal law – FLSA.

5. This Court has supplemental jurisdiction over Plaintiffs' Ohio law claims set forth herein pursuant to 28 U.S.C. § 1367 because the claims arise out of the same case and controversy.

6. Venue is properly laid in the Northern District of Ohio under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Lucas County, Ohio and Defendant conducts substantial business within this District.

## PARTIES

7. Plaintiff, Allen Bowman ("Bowman"), is an individual presently residing in the City of Toledo, County of Lucas, Ohio.  From approximately April of 2016 until July of 2017, Bowman worked for Defendant as a home health aide.

8. Plaintiff, Tatyana Hamilton ("Hamilton"), is an individual presently residing in the City of Toledo, County of Lucas, Ohio. From approximately January of 2016 until April of 2017, Hamilton worked for Defendant as a home health aide.

9. Defendant, CJ and J Davis, Inc. ("Defendant") conducts business in the State of Ohio, County of Lucas, City of Toledo.

2

10. At all times relevant to this Complaint, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

11. Plaintiffs bring this action on their own behalf and on behalf of all other similarly situated employees of Defendant, present and former, who were and/or are affected by the actions, pay schemes, policies and procedures of Defendant as described herein.

12. In addition, Plaintiffs bring this action in their individual capacity, separate and apart from the class and/or collective action claims set forth herein.

## GENERAL BACKGROUND

13. Defendant is in the business of providing home healthcare services. Defendant also owns and operates several group homes in which they provide such services.

14. Plaintiffs and other similarly situated individuals were hired by Defendant to provide such services to Defendant's clients.

15. Defendant improperly classified Plaintiffs and other similarly situated individuals as independent contractors, and did not withhold any state or federal taxes from their compensation.

16. As a result of this improper classification, Defendant also did not compensate Plaintiffs and the members of the putative class for overtime hours at a rate of one and one-half times their regular rate of pay.

17. Defendant had the right to control and in fact exercised substantial control over the work performed by the Plaintiffs and the putative class members.

18. Example of the control retained and exercised by Defendant, includes, but is not limited to:

a. Defendant controlled the hours of work of Plaintiffs and the putative class members and otherwise prevented them from choosing when and how frequently they worked;

b. Defendant prevented Plaintiffs and the putative class members from working other jobs or maintaining other employment;

c. Defendant had set policies and procedures relating to the work to be performed by Plaintiffs and the putative class members and required them to follow said policies and procedures;

d. Defendant issued discipline for failure to follow its policies and procedures to Plaintiffs and/or the putative class members; and

e. Defendant required Plaintiffs and the putative class members to attend mandatory staff meetings and issued discipline for failing to do so.

19. The work performed by Plaintiffs and the putative class members was necessary to the success and continuation of Defendant's business.

20. Defendant paid Plaintiffs and the putative class members through biweekly paychecks, and based their pay on an hourly rate set by Defendant.

21. In doing so, however, Defendant only paid Plaintiffs and the putative class members "straight time" but did not pay one and one-half times the regular rate for any hours over forty per week worked by Plaintiffs and the putative class members.

22. Consistently throughout their employment, Plaintiffs and the putative class members regularly worked more than forty hours per week.

23. In fact, Bowman averaged over eighty hours per week during his employment; Hamilton averaged approximately seventy hours per week during her employment.

24. Upon information and belief, the putative class members consistently worked similar hours as Bowman and Hamilton.

25. Defendant required Plaintiffs and the putative class members keep detailed weekly records for each hour they worked and will show the hours each class member worked with more specificity.

26. Defendant applied its policy and practice of misclassifying the putative class members as independent contractors in the same manner to all affected employees.

27. As a result of the misclassification, Plaintiffs and the putative class members were and/or are unlawfully deprived of overtime compensation for all hours worked in excess of forty (40) per week, as well as other protections guaranteed to employees.

## FLSA COLLECTIVE ACTION CLAIMS

28. With respect to the collective action claims under the FLSA, the collective action class is defined as follows:

    a. All current and former employees of Defendant who worked for Defendant as home health aides or a similar position and were classified as independent contractors at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation.

29. Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

## RULE 23 CLASS ACTION CLAIMS

30. With respect to Plaintiffs' Ohio law claims, Plaintiffs seek relief for themselves and on behalf of the following class:

    a. All current and former employees of Defendant who worked for Defendant as home health aides or a similar position and were classified as independent contractors at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation.

31. Plaintiffs reserve the right to amend said class definition consistent with information obtained through discovery.

32. Class certification for the claims is appropriate under Federal Rules of Civil Procedure 23(a), and 23(b)(3) because all of the requirements of those Rules are met.

33. The class is so numerous that joinder of all members is impracticable.

34. There are questions of law and fact common to the class, including whether the putative class members were not compensated for all hours worked including proper overtime pay in violation of Ohio law.

35. The named Plaintiffs' claims are typical of those of the class members. Plaintiffs' claims encompass the challenged practices and course of conduct of Defendant. Furthermore, Plaintiffs' legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which laws are violated by such conduct apply equally to Plaintiffs and to the class.

36. The named Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs' claims are not antagonistic to those of the putative class and they have hired counsel skilled in the prosecution of class actions.

37. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action under Fed. R. Civ. P. 23

presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

**COUNT ONE**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**ON BEHALF OF PLAINTIFFS, INDIVIDUALLY,**
**AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED EMPLOYEES,**

38. Defendant has failed to pay Plaintiffs and similarly situated individuals proper overtime compensation for hours worked in excess of forty (40) per week.

39. Defendant has a policy and practice of failing and refusing to pay Plaintiffs and all other similarly situated employees for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

40. Defendant's conduct in this regard was a willful violation of the FLSA.

41. As a result of Defendant's unlawful acts, Plaintiffs and all other similarly situated current and former employees are being deprived of earned wages in amounts to be determined at trial. They are entitled to compensation for unpaid minimum wage and overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## COUNT TWO
## VIOLATION OF THE OHIO WAGE ACT, O.R.C. §§ 4111.01, 4111.03, 4111.10
## BY PLAINTIFFS, INDIVIDUALLY AND
## ON BEHALF OF ALL OTHER SIMILARLY SITUATED INDIVIDUALS

42. Plaintiffs and the members of the putative class are employees within the meaning of the Ohio Wage Act.

43. Defendant has failed to pay Plaintiffs and other similarly situated employees proper compensation for all hours worked in violation of the Ohio Wage Act.

44. Defendant's policy and practice denied and continues to deny Plaintiffs and other similarly situated employees from receiving payment of the overtime premium for all hours worked in excess of forty hours in a work week.

45. Defendant's conduct in this regard is a willful violation of O.R.C. §§4111.01, 4111.03 and 4111.10.

46. Plaintiffs and other similarly situated employees who worked in Ohio are entitled to compensation for unpaid overtime wages, interest, attorneys' fees and costs, and any other remedies available at law or in equity.

## COUNT THREE
## VIOLATION OF THE OHIO PROMPT PAY ACT, O.R.C. § 4113.15, FAILURE TO PAY WAGES WITHIN THIRTY DAYS OF PERFORMING THE WORK BY PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED INDIVIDUALS

47. Plaintiffs and the members of the putative class are employees within the meaning of the Ohio Prompt Pay Act ("OPPA").

48. Defendant has violated and continues to violate the OPPA because of its willful failure to compensate Plaintiffs and other employees at the time prescribed by the OPPA.

49. During all times relevant to this complaint, Plaintiffs and the members of the putative class are/were not paid wages within 30 days of performing the work.

50. Plaintiffs and similarly situated employees who worked in Ohio are entitled to compensation including liquidated damages, six percent interest on all available compensatory damages, attorneys' fees and costs, and any other remedies available at law or in equity.

**DEMAND FOR RELIEF**

**WHEREFORE,** Plaintiffs claim, individually and on behalf of all other similarly situated as follows:

1. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

2. Certification of the Ohio law claims as class action pursuant to Fed. R. Civ. P. 23 and the appointment of Plaintiff and her counsel to represent the class;

3. An award of unpaid overtime wages under the FLSA and Ohio state law;

4. An award of liquidated damages under the FLSA and Ohio state law;

5. Interest;

6. Attorneys' fees and costs under the FLSA and Ohio state law;

7. Such other relief as in law or equity may pertain.

Respectfully submitted,

*s/Kera L. Paoff*
John D. Franklin (0055359)
Kera L. Paoff (0082674)
Widman & Franklin, LLC
405 Madison Avenue, Suite 1550
Toledo, Ohio 43604
Ph: 419.243.9005
Fax: 419.243.9404
Attorneys for Plaintiffs

**PLAINTIFF DEMANDS TRIAL BY JURY.**

*s/Kera L. Paoff*
John D. Franklin (0055359)
Kera L. Paoff (0082674)
Attorneys for Plaintiffs